UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TRUST FINANCIAL, A MORTGAGE COMPANY, LLC, a Texas Limited Liability Company,

        Plaintiff,

vs.                                    Case No. 1:10-cv-00049-SPM-AK

FORT ATKINSON PLANTATION, LLC, a Florida Limited Liability Company, OWEN B. LOVEJOY, an individual, FRED J. HATFIELD, III, an individual, MARVIN BUCHANAN, an individual, SHERROD CAMPBELL, an individual, CHARLES SHERWOOD, an individual, and HILL BASHAW GROUP, LLC, a Florida Limited Liability Company,

        Defendants.

_____

### ANSWER OF DEFENDANTS, FORT ATKINSON PLANTATION, LLC, FRED J. HATFIELD, III, AND MARVIN BUCHANAN

The Defendants, Fort Atkinson Plantation, LLC, Fred J. Hatfield, III and Marvin Buchanan, through the undersigned counsel, serve this Answer to the Complaint filed by the Plaintiff, Trust Financial, a Mortgage Company, LLC, and state as follows:

    1.    The Defendants admit the allegations contained in paragraph 1 of the Complaint.

    2.    The Defendants admit the allegations contained in paragraph 2 of the Complaint.

    3.    The Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. The Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. The Defendants deny that the Defendant, Fort Atkinson Plantation, LLC, is a Florida corporation, and state that this entity is a Florida Limited Liability Company. The Defendants admit the remaining allegations contained in paragraph 5 of the Complaint.

6. The Defendants are without knowledge regarding the allegations contained in paragraph 6 of the Complaint and therefore deny the same.

7. The Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. The Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. The Defendants are without knowledge regarding the allegations contained in paragraph 9 of the Complaint and therefore deny the same.

10. The Defendants are without knowledge regarding the allegations contained in paragraph 10 of the Complaint and therefore deny the same.

11. The Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. The Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. The Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. The Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. The Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. The Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. The Defendants admit the allegations contained in paragraph 17 of the Complaint, but deny that Hill Bashaw Group, LLC executed the Loan One Modification Agreement.

18. The Defendants admit the allegations contained in paragraph 18 of the Complaint but deny that Hill Bashaw Group, LLC executed any Guarantee of Payment that is reflected in Exhibit "D".

19. The Defendants admit the allegations contained in paragraph 19 of the Complaint.

20. The Defendants admit the allegations contained in paragraph 20 of the Complaint.

21. The Defendants admit the allegations contained in paragraph 21 of the Complaint.

22. The Defendants admit the allegations contained in paragraph 22 of the Complaint but deny that Hill Bashaw Group, LLC executed any Guarantee of Payment in the individual capacities of the managing members of said limited liability company.

23. The Defendants admit the allegations contained in paragraph 23 of the Complaint.

24. The Defendants admit the allegations contained in paragraph 24 of the Complaint but deny that Hill Bashaw Group, LLC executed any Guarantee of Payment that is reflected in Exhibit "D".

25. The Defendants admit the allegations contained in paragraph 25 of the Complaint but deny that Hill Bashaw Group, LLC executed any Guarantee of Payment that is reflected in Exhibit "G".

26. The Defendants are without knowledge regarding the allegations contained in paragraph 26 of the Plaintiff and therefore deny the same.

27. The Defendants are without knowledge regarding the allegations contained in paragraph 27 of the Plaintiff and therefore deny the same.

28. The Defendants are without knowledge regarding the allegations contained in paragraph 28 of the Plaintiff and therefore deny the same.

29. The Defendants are without knowledge regarding the allegations contained in paragraph 29 of the Plaintiff and therefore deny the same.

30. The Defendants are without knowledge regarding the allegations contained in paragraph 30 of the Plaintiff and therefore deny the same.

31. The Defendants are without knowledge regarding the allegations contained in paragraph 31 of the Plaintiff and therefore deny the same.

32. The Defendants are without knowledge regarding the allegations contained in paragraph 32 of the Plaintiff and therefore deny the same.

33. The Defendants are without knowledge regarding the allegations contained in paragraph 33 of the Plaintiff and therefore deny the same.

34. The Defendants admit the allegations contained in paragraph 34 of the Complaint.

35. The Defendants re-allege and re-assert as their responsive pleading and Answer to paragraphs 1 - 18 and 26 - 29 of the Plaintiff's Complaint, the correspondingly numbered paragraphs of this Answer with respect to paragraph 35 of the Complaint.

36. The Defendants are without knowledge regarding the allegations contained in paragraph 36 of the Plaintiff and therefore deny the same.

37. The Defendants admit the allegations contained in paragraph 37 of the Complaint.

38. The Defendants re-allege and re-assert as their responsive pleading and Answer to paragraphs 1 - 10, 19 - 25 and 30 - 33 of the Plaintiff's Complaint, the correspondingly numbered paragraphs of this Answer with respect to paragraph 38 of the Complaint.

39. The Defendants are without knowledge regarding the allegations contained in paragraph 39 of the Plaintiff and therefore deny the same.

40.     The Defendants admit the allegations contained in paragraph 40 of the Complaint.

41.     The Defendants re-allege and re-assert as their responsive pleading and Answer to paragraphs 1 - 18 and 26 - 29 of the Plaintiff's Complaint, the correspondingly numbered paragraphs of this Answer with respect to paragraph 41 of the Complaint.

42.     The Defendants are without knowledge regarding the allegations contained in paragraph 42 of the Plaintiff and therefore deny the same.

43.     The Defendants are without knowledge regarding the allegations contained in paragraph 43 of the Plaintiff and therefore deny the same.

44.     The Defendants admit the allegations contained in paragraph 40 of the Complaint.

45.     The Defendants re-allege and re-assert as their responsive pleading and Answer to paragraphs 1 - 10, 19 - 25 and 30 - 33 of the Plaintiff's Complaint, the correspondingly numbered paragraphs of this Answer with respect to paragraph 45 of the Complaint.

46.     The Defendants are without knowledge regarding the allegations contained in paragraph 46 of the Plaintiff and therefore deny the same.

47.     The Defendants are without knowledge regarding the allegations contained in paragraph 47 of the Plaintiff and therefore deny the same.

## AFFIRMATIVE DEFENSE

48.     The Defendants assert as an affirmative defense that they are prepared to submit a loan workout plan that will provide for the payment in full of the indebtedness owed to the Plaintiff under the loan documents and instruments attached to the Plaintiff's Complaint.

49. If the Plaintiff accepts a reasonable and mutually advantageous loan workout plan, the Defendants assert that the indebtedness owed to the Plaintiff will be paid in full on or before January 11, 2016, the maturity date of the modified loans.

50. If the Plaintiff refuses to accept a reasonable and mutually advantageous loan workout plan and if the Court orders the foreclosure of the subject property, the Defendants assert that the Plaintiff will recover one-half or less than one-half of the indebtedness that is owed to it.

51. The Defendants assert that it the Plaintiff incurs a loss after liquidation of the property mortgaged to secure the loans made by the Defendant, Forst Atkinson Plantation, LLC, it will be barred by the affirmative defense of failure to mitigate damages from pursuing a recovery against the individual Defendants, Marvin Buchanan and Fred J. Hatfield, III.

    THE DECKER LAW FIRM, P. A.

BY  */s/ Andrew J. Decker, III*
Andrew J. Decker, III, Esquire
Florida Bar No. 267211
320 White Avenue - Street Address
Post Office Drawer 1288 - Mailing Address
Live Oak, Florida 32064
Telephone:   (386) 364-4440
Telecopier:   (386) 364-4508
Email:   decklaw@windstream.net

Attorneys for Defendants, Fort Atkinson Plantation, LLC, Fred J. Hatfield, III and Marvin Buchanan

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the foregoing was furnished by electronic notification through the Court's ECF Notification System or by United States Mail, postage prepaid and first class, to Richard P. Petermann, Esquire, Anchors Smith Grimsley, 909 Mar Walt Drive, Suite 1014, Fort Walton Beach, Florida 32547 on this 24th day of May, 2010.

THE DECKER LAW FIRM, P. A.


BY _____*/s/ Andrew J. Decker, III*_____
Andrew J. Decker, III, Esquire
Florida Bar No. 267211
320 White Avenue - Street Address
Post Office Drawer 1288 - Mailing Address
Live Oak, Florida 32064
Telephone: (386) 364-4440
Telecopier: (386) 364-4508
Email: decklaw@windstream.net

Attorneys for Defendants, Fort Atkinson Plantation, LLC, Fred J. Hatfield, III and Marvin Buchanan

10135