**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

TRUST FINANCIAL, A MORTGAGE
COMPANY, LLC., a Texas Limited
Liability Company

        Plaintiff,                         CASE NO: 1:10-cv-00049-SPM-AK

Vs.

FORT ATKINSON PLANTATION, LLC,
a Florida Limited Liability Company,
OWEN B. LOVEJOY, an Individual, FRED
J. HATFIELD, III, an Individual, MARVIN
BUCHANAN, an Individual, SHERROD
CAMPBELL, an Individual, CHARLES
SHERWOOD, an Individual, and HILL
BASHAW GROUP, LLC., a Florida
Limited Liability Company

        Defendants
_____/

**ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM OF SHERROD CAMPBELL AND CHARLES SHERWOOD**

       COME NOW, SHERROD CAMPBELL and CHARLES SHERWOOD, by and through

their undersigned counsel and file this Answer, Affirmative Defenses and Counterclaim and state

as follows:

**ANSWER**

1.      Denied.

2.      Denied.

3.      Denied.

4.      Without knowledge, therefore denied.

5.      Admitted.

6.      Without knowledge, therefore denied.

7.      Without knowledge, therefore denied.

8.      Without knowledge, therefore denied.

9.      Admitted.

10.     Admitted.

11.     Denied.  The document attached as Exhibit A speaks for itself.

12.     Denied.

13.     Denied.  The document speaks for itself.

14.     Denied.

15.     Denied.  The document attached as Exhibit B speaks for itself.

16.     Denied.  The document attached as Exhibit C speaks for itself.

17.     Denied.

18.     Denied.  The document attached as Exhibit D speaks for itself.

19.     Denied.  The document attached as Exhibit E speaks for itself.

20.     Denied.

21.     Denied.  The document speaks for itself.

22.     Denied.

23.     Denied.  The document attached as Exhibit F speaks for itself.

24.     Denied.

25.     Denied.  The document attached as Exhibit G speaks for itself.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Defendants incorporate their answers to paragraphs 1-18 and 26-29 above as though fully set forth herein.

36.     Denied.

37.     Denied.

38.     Defendants incorporate their answers to paragraphs 1-10, 19-25 and 30-33 above as though fully set forth herein.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Defendants incorporate their answers to paragraphs 1-18 and 26-29 above as though fully set forth herein.

43.     Denied.

44.     Denied.

45.     Defendants incorporate their answers to paragraphs 1-10, 19-25 and 30-33 above as though fully set forth herein.

46.     Denied.

47.     Denied.

<u>FIRST AFFIRMATIVE DEFENSE</u>

48.     Trust Financial's claims are barred in whole or in part by Trust Financial's breach of

fiduciary duty.

<u>SECOND AFFIRMATIVE DEFENSE</u>

49.     Trust Financial is barred from the relief that it seeks, in whole or in part, because Trust

Financial breached its duty and obligation to mitigate damages, the existence and extent

of which are all specifically denied by the Defendants.

<u>THIRD AFFIRMATIVE DEFENSE</u>

50.     If Trust Financial sustained any of the damages alleged, such damages were caused, in

whole or in part, by the conduct of persons or entities other than the Defendants and over

whom the Defendants have no control; and in the event that the Defendants are found

liable for any of the damages asserted, they are entitled to have their liability diminished

in proportion to the damages attributable to the culpable conduct of such persons or

entities other than the Defendants.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

51.     Defendants retain their right to seek contribution and/or indemnification against any

entities or persons including, but not limited to, other parties who are not presently before

the Court.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

52.     Trust Financial's claims fail in whole or in part for lack of consideration.

## SIXTH AFFIRMATIVE DEFENSE

53.    Trust Financial's claims are barred in whole or in part based on Trust Financial's breach of the agreement(s) at issue.

## SEVENTH AFFIRMATIVE DEFENSE

54.    Trust Financial is barred from the relief that it seeks, in whole or in part, because Trust Financial breached its duty of good faith and fair dealing.

## EIGHTH AFFIRMATIVE DEFENSE

55.    Trust Financial's claims are barred, in whole or in part, because Trust Financial breached its duty and obligation imposed by law not to deal with the debtor, or any security for the debt, in such a manner as to harm the interests of the Individual Defendants as the alleged guarantors.

## NINTH AFFIRMATIVE DEFENSE

56.    Defendants may have other affirmative defenses in addition to the defenses asserted herein, and thus reserve the right to assert such defenses in a timely fashion after the facts to support such defenses become known to the Defendants through discovery or as learned at trial.

## COUNTERCLAIM

### Breach of Duty to Guarantors

1.    Counterclaimants incorporate Paragraphs 21 through 46 and 48 through 64 of their Counterclaims as if fully set forth herein.

2.    Florida law imposes a duty upon lenders not to take action to harm interests of guarantors.

5

3.      The Individual Counterclaimants all have personal guarantees on the Trust Financial Loans.

4.      By dealing with individual guarantors and the debtor, to the exclusion of Counterclaimants, Trust Financial impaired its own collateral.

5.      Trust Financial's actions have made it impossible for the debtor to complete the necessary improvements and other aspects of the contemplated development.

6.      Counterclaimants are unable to fund the necessary improvements and costs of sale without access to the funding contractually agreed to by Trust Financial.

7.      Failure of the project harms the Individual Counterclaimants in their capacity as alleged guarantors of the Trust Financial Loan.

8.      Trust Financial breached its duty and obligation imposed by law not to deal with the debtor, or any security for the debt, in such a manner as to harm the interests of the Individual Counterclaimants as the alleged guarantors.

9.      Trust Financial's conduct was willful, malicious and oppressive and shows a complete want of care toward the Counterclaimants.

10.     Therefore, the Counterclaimants are entitled to an award of compensatory damages caused by Trust Financial's breach of duty in an amount to be determined at trial. Counterclaimants reserve the right to amend their Counterclaim to seek punitive damages pursuant to Section 768.72, Florida Statutes (2008).

11.    Defendants have retained the undersigned attorneys to bring this action and are obligated to pay them reasonable attorney's fees for which Trust Financial is responsible pursuant to the terms and conditions of the Loan Agreement(s).

WHEREFORE, Counterclaimants request that this court enter judgment against TRUST FINANCIAL, A MORTGAGE COMPANY, LLC for damages, pre and post judgment interest, costs, attorney's fees, and any other relief this Court deems just.

_____/s/ Kristin M. Davis_____
**Peter A. Robertson,** FBN: 0876089
**Kristin M. Davis**, FBN: 0723398
kristin@robertsonfirm.com
**THE ROBERTSON FIRM**
5213 SW 91 Drive, Suite 10, Gainesville, FL 32608
Ph:  (352) 327-4111   Fax: (352) 372-4434
Attorneys for Defendants, Sherrod Campbell and
Charles Sherwood

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by U. S. Mail to Andrew J. Decker, III, Esq., ATTORNEY FOR FORT ATKINSON PLANTATION, LLC, FRED J. HATFIELD, III and MARVIN BUCHANAN, P.O. Box 1288 Live Oak, FL 32064; John Gerald Pierce, Sr., Esq., ATTORNEY FOR OWEN B. LOVEJOY, 800 N. Ferncreek Ave. Orlando, FL 32803; Robert Payne Reynolds, Esq., ATTORNEY FOR PLAINTIFF, 2115 11th Street Tuscaloosa, AL 35401; and Richard Paul Peterman, Esq., ATTORNEY FOR PLAINTIFF, 909 Mar Walt Drive Suite 1014 Fort Walton Beach, FL  32547, this 21st day of June, 2010.

_____/s/ Kristin M. Davis
**Peter A. Robertson,** FBN: 0876089
**Kristin M. Davis**, FBN: 0723398
kristin@robertsonfirm.com
**THE ROBERTSON FIRM**
5213 SW 91 Drive, Suite 10, Gainesville, FL 32608
Ph:  (352) 327-4111   Fax: (352) 372-4434

Attorneys for Defendants, Sherrod Campbell and
Charles Sherwood

7