UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TRUST FINANCIAL, A MORTGAGE
COMPANY, LLC., a Texas Limited
Liability Company,

    Plaintiff,

vs.

Case No. 1:10-CV-00049-SPM-AK

FORT ATKINSON PLANTATION, LLC,
a Florida Limited Liability Company,
OWEN B. LOVEJOY, an Individual, FRED
J. HATFIELD, III, an Individual, MARVIN
BUCHANAN, an Individual, SHERROD
CAMPBELL, an Individual, CHARLES
SHERWOOD, an Individual, and HILL
BASHAW GROUP, LLC., a Florida
Limited Liability Company,

    Defendants.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF OWEN B. LOVEJOY

COMES NOW the Defendant, Owen B. Lovejoy, by and through his undersigned attorney and for Answer to the Complaint says:

### ANSWER TO COMPLAINT

1.     Defendant Lovejoy admits the allegations of paragraphs 1, 2, 3, 5, 11, 12, 13, 14, 15, 16, 17, 18, 23, 24, 25, 34, 37, 40 and 44 of the Complaint.

2.     As to paragraph 19, Defendant Lovejoy admits execution of the Promissory Note in the amount $442,500.00, but is without knowledge as to the alleged loan agreement for said loan and would affirmatively state that the subject loan agreement for the $442,500.00 Note was not attached to

the Complaint.

3. Defendant is without knowledge as to the allegations of paragraphs 4,7,8,9,10,21,22,26,27,28,29,30,31,32,33,42,43,46 and 47 of the Complaint and therefore denies the same.

4. Defendant denies the allegations of the allegations paragraphs 36 and 39 of the Complaint.

5. Defendant responds to the reallegations contained in paragraphs 35,38,41 and 45 as though fully set forth above.

6. Defendant denies any and all other allegations of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

7. Plaintiff has failed to attach a copy of the loan agreement for the $442,500.00 loan and the Complaint is therefore deficient for failure to attach the written document on which the subject Complaint is based.

## SECOND AFFIRMATIVE DEFENSE

8. Trust Financial is barred from the relief that it seeks, in whole or in part, because Trust Financial breached its duty and obligations to mitigate damages, the existence and extent of which are all specifically denied by the Defendant.

## THIRD AFFIRMATIVE DEFENSE

9. If Trust Financial sustained any of damages alleged, such damages were caused, in whole or in part, by the conduct of persons or entities other than the Defendant and over whom the Defendant has no control; and in the event that the Defendant is found liable for any of the damages asserted, he is entitled to have his liability diminished in proportion to the damages attributable to the culpable conduct of such persons or entities other than the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

10. Defendant retains his right to seek contribution and/or indemnification against any entities or persons including, but not limited to, other parties who are not presently before the Court.

## FIFTH AFFIRMATIVE DEFENSE

11. Trust Financial's claims are barred in whole or in part based on Trust Financial's breach of the agreement(s) at issue.

## SIXTH AFFIRMATIVE DEFENSE

12. Trust Financial is barred from the relief that it seeks, in whole or in part, because Trust Financial breached its duty of good faith and fair dealing.

## SEVENTH AFFIRMATIVE DEFENSE

13. Trust Financial's claims are barred, in whole or in part, because Trust Financial breached its duty and obligation imposed by law not to deal with the debtor, or any security for the debt, in such a manner as to harm the interests of the Defendant as one of the alleged guarantors.

## EIGHTH AFFIRMATIVE DEFENSE

14. Defendant may have other affirmative defenses in addition to the defenses asserted herein, and thus reserves the right to assert such defenses in a timely fashion after the facts to support such defenses become known to the Defendant through discovery or as learned at trial.

## COUNTERCLAIM

### Breach of Duty to Guarantor

Counterclaimant, Owen B. Lovejoy files this counterclaim against Plaintiff, Trust Financial, a Mortgage Company, LLC., a Texas Limited Liability Company.

1. Counter Plaintiff/Defendant Lovejoy incorporates the "general allegations" paragraphs set forth in Plaintiff's Complaint as paragraphs 1 through 23 as though fully set forth herein.

2. Florida law imposes a duty upon lenders not to take action to harm interests of guarantors.

3. The Individual Counterclaimant has personal guarantees on the Trust Financial Loans.

4. By dealing with individual guarantors and the debtor, to the exclusion of Counterclaimant, Trust Financial impaired its own collateral.

5. Trust Financial's actions have made it impossible for the debtor to complete the necessary improvements and other aspects of the contemplated development.

6. Conterclaimant is unable to fund the necessary improvements and costs of sale without access to the funding contractually agreed to by Trust Financial.

7. Failure of the project harms the Individual Counterclaimant in his capacity as alleged guarantors of the Trust Financial Loan.

8. Trust Financial breached its duty and obligation imposed by law not to deal with the debtor, or any security for the debt, in such manner as to harm the interests of the Individual Counterclaimant as the alleged guarantor.

9. Trust Financial's conduct was willful, malicious and oppressive and shows a complete want of care toward the Counterclaimant.

10. Therefore, Counterclaimant is entitled to an award of compensatory damages caused by Trust Financial's breach of duty in an amount to be determined at trial. Counterclaimant reserves the right to amend his Counterclaim to seek punitive damages pursuant to Section 768.72, Florida Statutes (2008)

11. Defendant has retained the undersigned attorney to bring this action and are obligated to pay him reasonable attorney's fees for which Trust Financial is responsible pursuant to the terms and conditions of the Loan Agreement(s).

WHEREFORE, Counterclaimant requests that this court enter judgment against TRUST

FINANCIAL, A MORTGAGE COMPANY, LLC, for damages, pre and post judgment interest, costs, attorney's fees, and any other relief this Court deems just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2010, I electronically filed the foregoing with the Clerk by using the CM/ECF system which will send a notice of electronic filing to the following:

Robert P. Reynolds, Esquire
P.O. Box 2863
Tuscaloosa, Alabama 35402-2863
Telephone: (205) 391- 0073
Facsimile:  (205) 391-0911
Counsel for Plaintiff

Richard P. Petermann, Esquire
Anchors Smith Grimsley
909 Mar Walt Drive, Suite 1014
Fort Walton Beach, Florida 32547
Telephone: (850) 863-4064
 Facsimile:  (850) 862-1138

By:  s/ John G. Pierce
     John G. Pierce, Esquire
     Pierce and Associates, P.L.
     800 North Ferncreek Avenue
     Orlando, Florida 32803
     (407) 898-4848
     Facsimile: (407) 898-9321
     Florida Bar No. 095247
     Co-Counsel for Defendant, Owen Lovejoy